**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES EDWARD BROWN,** | : | |
| Plaintiff | : | |
| | : | **CIVIL NO. 3:CV-10-2612** |
| v. | : | |
| | : | (Judge Caputo) |
| **CAMP HILL,** *et al.*, | : | |
| Defendants | : | |

**M E M O R A N D U M**

**I.   Introduction**

On December 17, 2010, Charles Brown, an inmate presently housed at the Smithfield State Correctional Institution (SCI-Smithfield), in Huntingdon, Pennsylvania, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Mr. Brown alleged several Pennsylvania Department of Corrections (DOC) staff members transferred him from SCI-Dallas to SCI-Smithfield in retaliation for his filing of grievances.  (ECF No. 1, Compl.)  The DOC Defendants filed a motion to dismiss which the Court resolved on September 25, 2015.  (ECF No. 65, Order.)  The motion was granted in part and denied in part, and Mr. Brown was given leave to file an amended complaint.  *See Brown v. Camp Hill*, Civil No. 3:CV-10-2612, 2015 WL 5675575 (M.D. Pa. Sept. 25, 2015).

Mr. Brown filed his Amended Complaint on October 9, 2015.  (ECF No. 66, Am. Compl.)  The following DOC employees are named as Defendants: William D. Sprenkle, Tanya Brandt, Superintendent Michael Klopotoski, Vincent Mooney, Jerome Walsh, and Lori Lyons.

Currently pending before the Court is Defendants' motion to dismiss the Amended Complaint based on (1) Mr. Brown's lack of a constitutional right to be housed at any particular facility; and (2) his failure to state a claim of retaliation. (ECF No. 68, Mot. to Dismiss Am. Compl.)  Mr. Brown opposes the motion claiming he was transferred in retaliation for filing grievances and complaints complaining of the lack of heat in his cell.  Defendants did not file a reply brief.

For the reasons set forth below, the Court will deny Defendants' motion to Dismiss the Amended Complaint.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of the claims.  *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).  The Court does not consider whether a plaintiff will ultimately prevail.  *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*,

551 U.S. 89, 93, 127 S. Ct. 2197, 220, 167 L.Ed. 2d 1081 (2007) (quoting *Bell Atl. Corp. V. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1965). "The plausibility standard is not akin to a `probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 127 S.Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1950.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "bald assertions" or "legal conclusions." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997).

*Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips,* 515 F.3d at 245-46. Amendment is futile where the complaint as amended would still fail to state a claim for relief. *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (citation omitted).

### III.     Factual Allegations of the Amended Complaint[1]

In December 2008, Mr. Brown was housed at SCI-Dallas and held a single cell, or Z-Code, housing designation.  At some point during the winter of 2008, SCI-Dallas received a request from SCI-Smithfield seeking "a z-coded inmate that displays 'positive' adjustment to swap with another inmate from SCI Smithfield." (ECF No. 66, p. 21.)

On or about December 5, 2008, Lori Lyons, a Counselor at SCI-Dallas, presented a DC-46 Vote Sheet to the Transfer Unit Team, suggesting the transfer of Mr. Brown to SCI-Smithfield.  The Transfer Unit Team, which consisted of Superintendent Michael Klopotoski and Deputy Superintendents Jerome Walsh and Vincent Mooney, reviewed, approved, and agreed with the transfer.  (*Id*., pp. 4 - 6.) Tanya Brandt, Administrative Assistant in the DOC's Office of Population Management, who is authorized to approve or disapprove transfer requests, also reviewed and approved the transfer request.   (*Id*., p. 7 and p. 12.)  Finally, DOC Deputy Secretary William Sprenkle reviewed and approved with the transfer.  (*Id*., p. 7.)  "Deputy Mooney stated that [Mr. Brown had] been at SCI Dallas for a long period and could benefit from a change of scenery."  (*Id*., p. 21.)  Mr. Brown was transferred from SCI-Dallas to SCI-Smithfield on December 16, 2008.  (*Id*., pp. 3 - 4.)

---

[1] As required on a motion to dismiss, the court accepts all factual allegations as true, and construes the Complaint in the light most favorable to the plaintiff.  *See Kaymark v. Bank of America, N.A.,* 783 F.3d 168, 174 (3d Cir. 2015).

Mr. Brown claims he was transferred in retaliation for his filing of a grievance (No. 25086) concerning the lack of heat in his F-Block cell and not for a "change of scenery". Specifically, he claims that on December 5, 2008, he placed Superintendent Klopotoski "on notice" that he would be filing a lawsuit concerning his conditions of confinement. SCI-Dallas' Grievance Coordinator, Robing Lucas, a non-defendant, issued Mr. Brown a response on December 12, 2008. (*Id*., pp. 16 - 19.)

**IV.   Discussion**

Due to the inherent issues of security within a correctional institution, prisoners do not have a constitutionally protected right to remain at a particular facility, or housing unit within a facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983). However, moving or transferring an inmate in retaliation for exercising his constitutional rights itself is a violation of the Constitution. *See White v. Napolean*, 897 F.2d 103, 111 - 12 (3d Cir. 1990); *see also Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (holding that the relevant question in a retaliation case is not whether Plaintiff had a "protected liberty interest in the privileges he was denied, but whether he was denied those privileges in retaliation for exercising a constitutional right.").

"Retaliation against a prisoner for the exercise of his constitutional rights is unconstitutional." *Bistrian*, 696 F.3d at 376. "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prisoner

-6-

officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks and citations omitted); *see also Watson v. Rozum*, No. 13-3510, 2016 WL 4435624, at *4 (3d Cir. Aug. 23, 2016) (same).  If a plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to demonstrate he would have taken the same action even if the plaintiff had not engaged in the protected activity. *See Rauser*, 341 F.3d at 334.

The filing of a lawsuit is protected activity under the First Amendment right of prisoners to petition the court. *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997); *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981). Likewise, the submission of grievances is also constitutionally protected conduct. *See Mitchell,* 318 F.3d at 530.

Defendants argue that Mr. Brown has failed to state a retaliation claim as he "fails to plead any facts to suggest he was engaged in a constitutionally protected activity that could have served as the animus for the retaliatory treatment he alleges. The closest Plaintiff actually comes to such averments are his vague, dateless, circumstantial conclusions that he was engaged in the practice of 'writing letters and using the DC-ADM 804 grievance system.'" (ECF No. 69, p. 9.)  As noted above, the filing of grievances is a constitutionally protected conduct. As Mr. Brown points out in his Opposition Brief, attached to his Amended Complaint is a DC-135A form, Inmate's Request to Staff Member, and a DC-804 Grievance (No. 253540) in which

he complains about freezing in his unheated cell due to frigid temperatures and places SCI-Dallas officials "on notice" of his intent to file a lawsuit over this issue. (ECF No. 66, pp. 16 - 19.)  The timing of Mr. Browns filings is also noteworthy.  His writings pre-date his transfer by approximately 11 days.  Finally, it is well established that a transfer to another facility is sufficiently adverse to support a retaliation claim. *DeFranco v. Wolfe*, 387 Fed. App'x 147, 157 (3d Cir.2010).  Thus, on the face of the Amended Complaint, Mr. Brown has demonstrated the was engaged in a protected activity, the filing of institutional grievances, that shared some temporal proximity to the alleged retaliatory act, his transfer.

**V.    Conclusion**

Although Mr. Brown faces a substantial burden in proving his claim, his Amended Complaint does allege sufficient facts to support a cause of action based on retaliatory transfer.  As such, the Defendants' motion to dismiss will be denied.

/s/ A. Richard Caputo  
**A. RICHARD CAPUTO**  
**United States District Judge**

**Date:  September 29, 2016**