# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES EDWARD BROWN,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-10-2612** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **CAMP HILL,** *et al.,* : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I. Introduction

Mr. Brown initiated this action on December 17, 2010, challenging his transfer from the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania to SCI-Smithfield, in Huntingdon, Pennsylvania in retaliation for filing grievances and lawsuits. Presently pending before the Court are Mr. Brown's two similar motions to compel (ECF Nos. 98 and 110) and motions for sanctions (ECF Nos. 102 and 114) based on what he believes are Defendants' incomplete discovery responses.

For the reasons that follow, Plaintiff's motions will be denied.

## II. Standard of Review

Federal Rule of Civil Procedure 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories. *See* Fed. R. Civ. P.

37(a)(3)(B)(iii - iv). Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This scope formally included matters that were "reasonably calculated" to lead to the discovery of relevant evidence, but Rule 26 as amended, no longer includes this language. A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and, the fact is of consequence in determining the action." Fed. R. Evid. 401.

The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

**III.    Discussion**

Mr. Brown filed two motions to compel (ECF Nos. 98 and 110) seeking an Order requiring the Defendants to provide more complete answers to his three discovery requests: a March 2011 request for production of documents; a March 2011 set of interrogatories addressed to each defendant; and a January 2016 set of interrogatories. (ECF Nos. 100 and 105.) While he provides the Court with copies of the documents produced by Defendants, he does not provide copies of the Defendants' response to his discovery requests. Both Mr. Brown and Defendants note that objections were raised to some of his document requests and interrogatories. The court cannot evaluate Mr. Brown's

motions to compel without these documents.  As such, his motions to compel will be denied without prejudice.  In the event Plaintiff seeks to file a properly supported motion to compel, he is cautioned that he must identify the perceived deficiencies of each discovery request to which he seeks the Court to compel Defendants' response or supplemental response.

As the Court cannot evaluate Defendants' alleged dilatory tactics concerning their responses to Mr. Brown's discovery, there is no basis to sanction them.  Accordingly, Mr. Brown's motion for sanctions will be denied

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**DATE:  September 5, 2017**