IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES EDWARD BROWN, :
　　　　:
　　Plaintiff :
　　　　: CIVIL NO. 3:CV-10-2612
　v. :
　　　　: (Judge Caputo)
CAMP HILL, *et al.*, :
　　　　:
　　Defendants :

**M E M O R A N D U M**

**I.　Introduction**

Presently before the Court is Defendants' motion for summary judgment based on Mr. Brown's failure to properly exhaust his available administrative remedies concerning his retaliatory transfer from SCI-Dallas to SCI-Smithfield. (ECF No. 81.) In lieu of an opposition brief, Plaintiff has filed a cross motion for summary judgment alleging that prison officials interfered with his exhaustion efforts. (ECF No. 87.)

For the following reasons, both motions for summary judgment will be denied. This matter will be set for trial at the convenience of the Court.

**II.　Summary Judgment Standard of Review**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine

issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 2509 - 10, 91 L.Ed.2d 202 (1986).

"A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (internal citations omitted). Material facts are those which "might affect the outcome of the suit under the governing substantive law." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006). Where contradictory facts exist, the court may not make credibility determinations or weigh the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 - 51, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (internal quotation marks and citations omitted); *Paradisis v. Englewood Hosp. Med. Ctr.*, 680 F. App'x 131, 135 (3d Cir. Feb. 24, 2017). In reviewing a motion for summary judgment, the court must view all facts and draw all reasonable inferences "in the light most favorable to the party opposing the motion." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotation marks omitted).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact.

*Santini v. Fuentes*, 795 F.3d 410 (3d Cir. 2015) (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. 2553). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) - (B). To withstand summary judgment, the non-moving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (citation omitted). The non-moving party "may not rest on speculation and conjecture in opposing a motion for summary judgment." *Ramara, Inc. V. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. Statement of Undisputed Facts

From the pleadings, declarations and exhibits submitted therewith, the following facts are ascertained as undisputed or, where disputed, reflect Mr. Brown's version of the facts, pursuant to this Court's duty to view all facts and reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2510.

Plaintiff Charles E. Brown is a state inmate presently housed at the Smithfield State Correctional Institution (SCI-Smithfield), in Huntingdon, Pennsylvania. (ECF No. 82, Defs.' Statement of Material Facts (DSMF), ¶ 1.) The Defendants are the following Pennsylvania Department of Corrections (DOC) employees: William Sprenkle, Lori Lyons, Tanya Brandt, Michael Klopotoski, Jerome Walsh and Vincent Mooney. (*Id*., ¶ 2.) The sole issue presented in this action is whether Mr. Brown was transferred from SCI-Dallas to SCI-Smithfield on December 16, 2008, in retaliation for his filing of grievances and complaints. (ECF No. 66, Am. Compl.)

**A. DOC's Grievance Process**

The DOC's Administrative Directive DC-ADM 804 (DC-ADM 804) is known as the Inmate Grievance System. *See* www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy; *see also* DSMF ¶ 5. Pursuant to DC-ADM 804, inmates must first file a grievance with the Facility Grievance Coordinator at the facility where the events giving rise to the grievance occurred. The grievance must be filed within fifteen (15) working days of the event upon which the grievance is based. (DSMF ¶¶ 6 - 7.) If unsatisfied with the initial review of his grievance, the inmate may appeal the decision to the Facility Manager. (*Id*., ¶ 10.) If dissatisfied with the response from the Facility Manager, the inmate may appeal that decision to Final Review by the Secretary's Office of Inmate Grievance Appeals (SOIGA). (*Id*., ¶ 11.)

### B. Grievance 259990

January 19, 2009, Mr. Brown filed Grievance 259990. (ECF No. 94-2, Pl.'s Ex's in Opp'n Defs.' Mot. Summ. J.) In the grievance, he claims SCI-Dallas' Grievance Officer failed to process a December 30, 2008 grievance he forwarded to the facility challenging his December 16, 2008 retaliatory transfer. (*Id.*) Plaintiff also sent a letter of complaint to then Secretary Jeffrey Beard concerning SCI-Dallas' failure to process his December 30, 2008 grievance. (*Id.*, p. 6.) On February 25, 2009, Chief Grievance Officer, Dorina Varner, responded to Mr. Brown on Sec. Beard's behalf.

> As you were informed in this office's Action Taken Notice dated February 4, 2009, this office was informed that institutional staff did not receive your December 30, 2008 grievance regarding your transfer. However, Ms. Lucas, the Facility Grievance Coordinator, received your grievance dated January 19, 2009 regarding your concerns that the December 30, 2008 grievance was not processed. Your January 19, 2009 grievance was received and processed as Grievance No. 25990 on February 3, 2008 and assigned to Mr. Demming, As Mr. Demming reviewed your January 19, 2009 grievance, it was discovered that a <u>copy</u> of your December 30, 2008 transfer grievance was attached to Grievance No. 259990. Mr. Demming then spoke to Ms. Lucas regarding the grievance. A determination was then made that the <u>copy</u> of your December 30, 2008 transfer-related grievance that you attached to your January 19, 2009 grievance would be assigned as Grievance No. 259990. Your December 30, 2008 transfer-related grievance and your January 19, 2009 grievance relating to the non-receipt of the December 30, 2008 grievance were combined. Ms. Lucas was attempting to address the main crux of your concerns which seemed to be your alleged retaliatory transfer. Grievance No. 259990 was then re-assigned to Mr. Miller to address the concerns regarding your transfer. On February 18, 2009, Mr. Lucas sent correspondence to you advising you that a ten-day extension was requested and approved for staff to investigate the concerns of Grievance No. 25990. According to institutional staff, an initial review response was completed on February 23, 2009.

5

> It should be noted that an actual DC-804 grievance packet dated December 30, 2008 was never received by the institution. It is also noted that institutional staff was not obligated to treat your copy of your December 30, 2008 grievance as an actual grievance. However, although somewhat confusing, institutional staff took the above actions in an attempt to address your concerns regarding your transfer.

(*Id*., p. 6.) (emphasis in the original).

### C. Grievance 282036

Mr. Brown filed Grievance 282036 on July 20, 2009 concerning his December 16, 2008 retaliatory transfer from SCI-Dallas to SCI-Smithfield. (DSMF ¶ 13; *see also* ECF No. 84-2, pp. 1 - 2.) The grievance was rejected as untimely at initial review by SCI-Smithfield's Grievance Coordinator. (*Id*., ¶ 15.) Mr. Brown's appeal of the dismissal of his grievance as untimely was denied by the Facility Manager. (*Id*., ¶¶ 16 – 17.) Mr. Brown's appeal was based on his filing of his grievance within "fifteen (15) working days after the event … of Mr. Fisher failing to resolve [Plaintiff's] concerns" voiced in his July 7, 2009 Request Slip "about his transfer". (ECF No. 84-2, pp. 4 – 5.) Mr. Brown then filed an appeal to SOIGA. (DSMF ¶ 18.) On September 14, 2009, Dorina Varner, Chief Grievance Officer upheld the decision that Mr. Brown's grievance was untimely filed. (*Id*., ECF No. 84-2, p. 7.)

## IV. Discussion

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

6

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of remedy that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 1825 n. 6, 149 L.Ed.2d 958 (2001). "Exhaustion is a question of law to be determined by a judge, even if that determination requires resolution of disputed facts." *Small v. Camden Cty.,* 728 F.3d 265, 269 (3d Cir. 2013).

The PLRA mandates "proper exhaustion" of the agency's deadlines and other procedural rules pertaining to its grievance/administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006). "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004)). "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'" as they are "defined ... by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 922 - 23, 166 L.Ed.2d 798 (2000) (quoting *Ngo*, 548 U.S. at 88, 126 S.Ct. at 2384.) Inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See Spruill*, 372 F.3d at 228, 235. "As for the failure to [ ] identify [the] named defendants on the grievance form, ... to the extent the identity of a defendant was 'a fact relevant to the claim,'

Pennsylvania's prison grievance policy mandated that the identification be included in the inmate's statement of facts on the grievance form. And, ... in the absence of any justifiable excuse, a Pennsylvania inmate's failure to properly identify a defendant constituted a failure to properly exhaust his administrative remedies under the PLRA." *Williams v. Pa. Dep't of Corr.*, 146 F. App'x 554, 557 (3d Cir. 2005). The reason for this is because "the purpose of the [grievance process] is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing. As such, the prison can excuse an inmate's failure to do so by identifying the unidentified persons and acknowledging that they were fairly within the compass of the prisoner's grievance." *Rosa Diaz v. Dow*, No. 16-4349, 2017 WL 1097101, n. 3 (3d Cir. Mar. 23, 2017) (citing *Spruill*, 372 F.3d at 234).

An inmate need only exhaust those administrative remedies that are "available" to him. *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). "Available" means "capable of use; at hand." *Small v. Camden Cty.,* 728 F.3d 265, 271 (3d Cir. 2013) (quoting *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002)). "Remedies that are not reasonably communicated to inmates may be considered unavailable for exhaustion purposes." (*Id.*) Likewise, if the actions of prison officials directly cause the inmate's procedural default of a grievance, the inmate will not be held to strict compliance with the PLRA's exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

Defendants seek summary judgment based on Mr. Brown's failure to properly exhaust his administrative remedies prior to filing his lawsuit. Defendants argue that the sole grievance Mr. Brown filed concerning his alleged retaliatory transfer, Grievance 282036, was untimely filed. The grievance was filed in July 2009, several months after his

December 2008 transfer, and much later than permitted by the DOC's grievance policy. Accordingly, Defendants have properly supported their claim that Mr. Brown did not properly exhaust his available administrative remedy process with respect to Grievance 282036 as it was filed outside of the fifteen-day period set by the DOC's grievance policy. Thus, if Grievance 282036 was the sole administrative remedy Mr. Brown filed related to his alleged retaliatory prison transfer, he failed to exhaust his claim under the PLRA and Defendants would be entitled to summary judgment.

Mr. Brown counters that he mailed a timely grievance to SCI-Dallas officials challenging his retaliatory transfer on December 30, 2008 but prison officials failed to properly processes it, thus thwarting his exhaustion efforts. However, Mr. Brown has failed to present any evidence to support his conclusory assertion of prison officials' interference with the timely processing of the grievance he placed in the mail on December 30, 2008. Prison officials repeatedly advised Mr. Brown that the original of his grievance was never received. Moreover, when the issue was raised with prison authorities, they accepted the copy of his December 30, 2008 grievance and consolidated it with his grievance concerning the alleged failure to process the same grievance. *See* ECF No. 94-2, p. 6. Mr. Brown was advised on February 25, 2009, that the DOC would address his December 30, 2008 grievance concerning his alleged retaliatory transfer. Thus, any impediment SCI-Dallas officials may, or may not, have placed in Mr. Brown's way to properly exhaust his retaliatory transfer claims was lifted.[1] Thus, Mr. Brown has presented a material dispute of fact with

---

[1] The issue of whether Mr. Brown properly exhausted his available administrative remedies with respect to Grievance 259990 has not been addressed by either party. Therefore, the Court will cannot address the issue of exhaustion with respect to this grievance.

9

regards to his exhaustion of his retaliatory transfer claim. He has demonstrated his July 2009 grievance (No. 282036) was not his first or sole grievance concerning his retaliatory transfer concerning his alleged retaliatory transfer that was accepted by the DOC for review. (*Id*.) (Plaintiff's "December 30, 2008 transfer-related grievance and [his] January 19, 2009 grievance relating to the non-receipt of the December 30, 2008 grievance *were combined*.") (emphasis added).

The Defendants have the burden of proving Mr. Brown's failure to properly exhaust his administrative remedies concerning his December 2008 retaliatory transfer from SCI-Dallas to SCI-Smithfield. In this instance, they have failed to carry that burden. Accordingly, the motion for summary judgment filed by Defendants will be denied. As Plaintiff's motion for summary judgment exclusively addresses Defendants' motion and fails to raise any basis for granting summary judgment in his favor, it too will be denied.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**DATE: September 5, 2017**