# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES EDWARD BROWN, | |
| Plaintiff, | NO. 3:10-CV-02612 |
| v. | (JUDGE CAPUTO) |
| WILLIAM D. SPRENKLE, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before me is Defendants' Motion for Reconsideration (Doc. 126) of my September 25, 2017 Order (Doc. 125) denying their Motion for Leave to File an additional motion for summary judgment (Doc. 123). Defendants have pleaded failure to exhaust administrative remedies as an affirmative defense to Plaintiff Charles Edward Brown's claim that he was transferred to a different prison in retaliation for filing grievances and a lawsuit. (Docs. 66, 80.) Defendants' Motion for Summary Judgment (Doc. 81) was denied because Brown raised a dispute of material fact regarding his exhaustion of administrative remedies by establishing that he had allegedly timely filed a grievance which was not processed by prison officials. In their Motion for Leave to File an additional summary judgment motion, Defendants stated that a preliminary investigation had revealed Brown failed to exhaust this grievance. The Motion was denied. Now, in their Motion for Reconsideration, Defendants submit that exhaustion is a threshold issue that must be resolved by the Court before trial, and request that they either be allowed to submit an additional motion for summary judgment or that I hold a hearing on the issue.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability

of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As Defendants point out, under the Prison Litigation Reform Act ("PLRA"), courts must resolve issues of exhaustion before a case is presented to a jury. *See Small v. Camden Cnty.*, 728 F.3d 265, 269-270 (3d Cir. 2013). In *Small*, the Third Circuit explained that "[u]nder the PLRA, exhaustion is a precondition for bringing suit under § 1983. [] As such, just as subject-matter jurisdiction, personal jurisdiction, and venue, exhaustion is a threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time." *Id.* (internal quotation omitted)(emphasis in original). The Court found that, therefore, a district court did not err by acting as the fact finder in resolving disputed issues of fact relating to exhaustion, because "exhaustion constitutes a preliminary issue for which no right to a jury trial exists." *Id.* at 271.

Here, the issue whether Brown has exhausted the grievance process as required under the PLRA must be resolved before the case can proceed to trial. Therefore, I find that Defendants have met the standard for granting a motion for reconsideration, since it would be a clear error of law in light of the above precedent to submit the exhaustion issue to a jury. I will allow Defendants to file an additional motion for summary judgment to address this issue.

Accordingly, **NOW**, this 16th day of August, 2018, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (Doc. 126) is **GRANTED**. Defendants are to file the additional Motion for Summary Judgment and accompanying briefs and exhibits within 45 days of the date of this Order.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge